**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN E. DAVIS,

       Plaintiff,

v.

       Case No. 13-13319
       Hon. Gerald E. Rosen
       Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 17, 2015    

PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

On December 15, 2014, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff John E. Davis's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment.  Plaintiff filed objections to the R & R on January 7, 2015, and Defendant responded to these objections on January 16, 2015.  The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying summary judgment motions, and the remainder of the record.  For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate

Judge's R & R as the opinion of this Court.

Plaintiff's two objections to the Magistrate Judge's R & R largely reiterate the two principal arguments advanced in his underlying summary judgment motion. First, Plaintiff challenges the Magistrate Judge's determination that the Administrative Law Judge ("ALJ") did not err in concluding that Plaintiff's cognitive disorder failed to meet the criteria of section 12.05(C) of the Listing of Impairments. In Plaintiff's view, the ALJ's analysis of this issue omitted any consideration of a threshold element of Listing 12.05(C) — namely, that an individual who meets this listing must have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.[1] While the Magistrate Judge concludes in the R & R that Plaintiff "failed to establish that

---

[1]As the Sixth Circuit has explained, Listing 12.05 begins with the above-quoted language that provides a "diagnostic description" of the underlying impairment — namely, the disorder of "intellectual disability" — and then sets forth four criteria that determine whether this disorder has the requisite "level of severity" to meet the Listing. *See Foster v. Halter,* 279 F.3d 348, 354 (6th Cir. 2001). To establish that a mental impairment meets this Listing, "[a] claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment," as well as any one of the four sets of criteria specified in paragraphs A through D of the Listing. *Foster,* 279 F.3d at 354.

In this case, Plaintiff appeals to paragraph C, which allows a claimant to establish the requisite level of severity of an intellectual disability through evidence of "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). For present purposes, the parties do not debate whether Plaintiff has produced evidence that could satisfy paragraph C. Rather, Plaintiff's first objection to the R & R focuses only on the threshold, "diagnostic description" portion of Listing 12.05.

he had the 'deficits in adaptive function[ing]' necessary to meet" this element of Listing 12.05(C), (R & R at 7), Plaintiff protests that this conclusion could not have been derived from any review of the ALJ's findings, as the ALJ "d[id] not mention the term 'adaptive functioning' in his decision whatsoever.'" (Plaintiff's Objections at 2.) Under these circumstances, Plaintiff suggests that this matter should be remanded to the Defendant Commissioner so that the ALJ, rather than the Court, can conduct a thorough analysis of each of the elements of Listing 12.05(C), including the requirement of "deficits in adaptive functioning initially manifested in the developmental period."

The Court agrees with the Magistrate Judge that the ALJ's decision sufficiently addressed the criteria of Listing 12.05(C), and that substantial evidence supports the ALJ's determination that Plaintiff's mental impairment did not meet this Listing. In finding that Listing 12.05(C) was not met, the ALJ explained (i) that there was "insufficient evidence demonstrating an onset [of Plaintiff's cognitive disorder] prior to age 22," and (ii) that although there was evidence that Plaintiff received special education services while in school, the pertinent school records indicated that he "was in special education for an emotional impairment" rather than a cognitive deficit. (Admin. Record at 22.) As observed in the R & R, the ALJ also found elsewhere in her decision that Plaintiff (i) had "just mild restriction in activities of daily living," (ii) had "only moderate difficulties in social functioning, and in maintaining concentration, persistence or pace," (iii) was "capable of handling all self-care requirements," (iv) was "limited by physical rather than mental abilities in performing household chores," (v) was "reportedly well-

3

groomed at therapy sessions," (vi) "utilized public transportation if he could find someone to accompany him," and (vii) "regularly watch[ed] television [and] use[d] the computer to socially interact with friends and family." (R & R at 8 (citing Admin. Record at 21).) Under this record, the Magistrate Judge concluded that Plaintiff's "activities do not reflect an inability to cope with the challenges of ordinary everyday life [that] one would expect from an individual with mental retardation." (R & R at 8.)[2]

To be sure, this latter set of findings by the ALJ concerning Plaintiff's activities of daily living and social functioning were not made in the specific context of the ALJ's step three inquiry whether Plaintiff's cognitive impairment met the criteria of Listing 12.05(C). As Plaintiff points out, the ALJ did not link these findings to any express determination whether Plaintiff did or did not have "deficits in adaptive functioning initially manifested during the developmental period," as required to establish the Listing's diagnostic description of intellectual disability. Nonetheless, the Sixth Circuit has emphasized that an ALJ need not "spell[] out every consideration that went into the step three determination," and that there is no "heightened articulation standard" for an ALJ's step three analysis whether a claimant's impairment meets a listing. *Bledsoe v. Barnhart,* No. 04-4531, 165 F. App'x 408, 411 (6th Cir. Jan. 31, 2006). Rather, an ALJ's findings from different portions of the traditional five-step evaluative process for

---

[2]As reflected in the Magistrate Judge's R & R, the cognitive disorder addressed in Listing 12.05 was formerly referred to as "mental retardation." *See Foster,* 279 F.3d at 354 (quoting from this earlier version of Listing 12.05). The current version of the Listing refers to this disorder as "intellectual disability."

4

determining eligibility for disability benefits may be considered in combination as a reviewing court decides whether the ALJ's resolution of the step three inquiry is supported by substantial evidence. *See Smith-Johnson v. Commissioner of Social Security,* No. 13-1696, 579 F. App'x 426, 435 (6th Cir. Sept. 8, 2014) (explaining that it is "proper to consider the ALJ's evaluation of the mental health assessment of [a claimant] at other steps of his decision" in determining whether "the record evidence raises a substantial question" as to whether an impairment meets a listing); *Bledsoe,* 165 F. App'x at 411 (observing that the ALJ in that case made pertinent findings "five pages earlier in his opinion" that were properly brought to bear in the court's review of the ALJ's step three determination, and emphasizing that the ALJ need not have "spell[ed] out every fact a second time under the step three analysis"); *Bukowski v. Commissioner of Social Security,* No. 13-12040, 2014 WL 4823861, at *3 (E.D. Mich. Sept. 26, 2014) ("That the ALJ performed some of th[e] analysis [pertinent to a step three inquiry] in a different section of his opinion does not render his Step-Three findings inadequate."). Contrary to Plaintiff's assertion, then, the Magistrate Judge did not engage in "improper post-hoc rationalization," *Smith-Johnson,* 579 F. App'x at 435, by consulting findings from elsewhere in the ALJ's decision to uphold the ALJ's step three determination that Plaintiff's cognitive impairment did not meet the criteria of Listing 12.05(C).

Alternatively, even if the R & R is viewed as conducting an analysis that should have been, but was not, undertaken by the ALJ in the first instance, both the Sixth Circuit and courts in this District have held that such a deficiency in an ALJ's step three inquiry

is susceptible of harmless error review. *See Rabbers v. Commissioner of Social Security,* 582 F.3d 647, 656-57 (6th Cir. 2009); *M.G. v. Commissioner of Social Security,* 861 F. Supp.2d 846, 859-60 (E.D. Mich. 2012); *Rivard v. Commissioner of Social Security,* No. 12-14302, 2014 WL 688165, at *6 (E.D. Mich. Feb. 21, 2014). In this case, the Court readily concludes that any error arising from the ALJ's failure to make an express finding as to the "deficits in adaptive functioning" element of Listing 12.05 was harmless, in light of Plaintiff's failure to identify any evidence that any such deficit manifested itself before he reached the age of 22. Notably, while Plaintiff states in his objections that "there exists significant evidence that could reasonably be construed to satisfy the required adaptive deficits prior to age 22," (Plaintiff's Objections at 4), this assertion is unaccompanied by any citation to the record, and it is unquestionably Plaintiff's burden to establish that his cognitive impairment meets the requirements of Listing 12.05(C). *See Smith-Johnson,* 579 F. App'x at 432 ("[T]he claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing."). Given this lack of evidence that Plaintiff's cognitive impairment meets an essential element of the Listing, there is no prospect that a remand to the Defendant Commissioner could produce a different outcome, and it follows that any error in the ALJ's step three inquiry was harmless.

 As his second objection to the R & R, Plaintiff challenges the Magistrate Judge's finding that any error by the ALJ in failing to articulate the specific weight given to the opinion of a consultative psychologist, Dr. Nick Boneff, was harmless because the ALJ

6

nonetheless "gave substantial credit to the doctor's assessments in her residual functional capacity evaluation." (R & R at 8-9.) In Plaintiff's view, the ALJ's determination of his residual functional capacity ("RFC") failed to account for Dr. Boneff's opinions (i) that Plaintiff had marked limitations in his ability to respond appropriately to usual work situations and changes in a routine work setting, and (ii) that he had "[p]roblems with attention, concentration, and memory." (Admin. Record at 285-86.) As to the first of these limitations, however, the Magistrate Judge found that the ALJ "accommodated those limitations by restricting [Plaintiff] to only occasional contact with supervisors, co-workers, and the general public," (R & R at 9), and Defendant points out that the ALJ further restricted Plaintiff to work that is "routine and repetitive" and "not closely supervised," (Admin. Record at 22). Plaintiff has failed to explain how these restrictions might fail to accommodate the first of the above-cited limitations found by Dr. Boneff. Likewise, the Magistrate Judge found that Plaintiff's problems with attention, concentration, and memory, as identified by Dr. Boneff, were "directly accommodated" by the ALJ through an RFC limiting Plaintiff "to simple, routine, repetitive work involving only one- and two-step tasks where Plaintiff retained control over pace," (R & R at 9), and Plaintiff has failed to suggest any infirmity in the Magistrate Judge's reasoning on this point. Accordingly, the Court fully concurs in the Magistrate Judge's analysis with respect to the ALJ's treatment of the opinion of Dr. Boneff.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's January 7, 2015

objections (docket #21) to the Magistrate Judge's Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's December 15, 2014 Report and Recommendation (docket #19) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present opinion and order.  Finally, IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this opinion and order, that Plaintiff's March 10, 2014 motion for summary judgment (docket #12) is DENIED, and that Defendant's June 13, 2014 motion for summary judgment (docket #16) is GRANTED.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  February 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2015, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135